1:21−cv−01023 (LEK/DJS)

# EXHIBIT B



No. 18007

# The University of the State of New York

## The State Education Department
### Before the Commissioner

Appeal of J.W. from action of the Board of Education of the Bethlehem Central School District regarding a graduation presentation.

Sweeney Lev, attorneys for petitioner, Gerald B. Sweeney, Esq., of counsel

Whiteman, Osterman & Hanna, LLP, attorneys for respondent, Beth A. Bourassa, Esq., of counsel

      Petitioner appeals the decision of the Board of Education of the Bethlehem Central School District ("respondent") to prohibit him from delivering the keynote address at its graduation ceremony. The appeal must be dismissed.

      Given the disposition of this appeal, a detailed recitation of the facts is unnecessary. At all times relevant to this appeal, petitioner attended respondent's high school. In May 2020, petitioner participated in a competition to be a speaker at respondent's June 2020 graduation ceremony. Speakers were chosen by a committee, which announced its decision on June 1, 2020. The committee initially chose petitioner to speak at the graduation. Thereafter, respondent received concerns from students and parents who objected to petitioner's selection in light of an incident for which he was disciplined in 2018. In response, respondent's superintendent directed the high school principal to replace petitioner with a different speaker. The principal complied.

      Petitioner appealed this decision to the superintendent, who denied his appeal. Petitioner then appealed to respondent, which, denied his appeal in a letter dated June 20, 2018. This appeal ensued. Petitioner's request for interim relief was denied on June 25, 2020.

      Petitioner challenges respondent's decision to replace him as keynote speaker at the graduation ceremony. Petitioner argues that the decision

violated his rights to freedom of speech and due process. Petitioner claims that he was entitled to notice and an opportunity to be heard prior to revocation of his opportunity to speak at graduation. Petitioner requests that I order respondent to reinstate him as keynote speaker, to hold a full disciplinary hearing, and to publicly acknowledge that petitioner had not engaged in any misconduct that warranted disciplinary action in the form of cancelling his speech.

Respondent asserts that the appeal must be dismissed as moot because the graduation ceremony has already been held. Respondent further argues that I lack jurisdiction over petitioner's novel claims under the First Amendment and that petitioner has failed to state a claim for which relief may be granted.

The appeal must be dismissed as moot. The Commissioner will only decide matters in actual controversy and will not render a decision on a state of facts that no longer exists due to the passage of time or a change in circumstances (*Appeal of Sutton*, 57 Ed Dept Rep, Decision No. 17,331; *Appeal of a Student with a Disability*, 48 *id.* 532, Decision No. 15,940; *Appeal of M.M.*, 48 *id.* 527, Decision No. 15,937; *see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Where the Commissioner can no longer award a petitioner meaningful relief on his or her claims, no live controversy remains and the appeal must be dismissed (*Appeal of R.B.*, 57 Ed Dept Rep, Decision No. 17,394; *Appeal of N.C.*, 40 *id.* 445, Decision No. 14,522). The high school graduation ceremony was held on June 26, 2020, one day after petitioner's request for interim relief was denied. Petitioner attended the ceremony and graduated with a Regents diploma. Given these events, there is no meaningful relief which can be awarded to petitioner and the petition must be dismissed.[1]

Although the appeal must be dismissed as moot, I am compelled to comment on respondent's reasoning for revoking petitioner's ability to speak at graduation. The superintendent admits that she "overruled the committee's decision" because the two-year old incident for which petitioner received disciplinary consequences "made him an unsuitable graduation speaker." Respondent's imposition of additional, punitive measures in connection with the two-year old disciplinary incident raises substantial questions of fairness. I caution respondent against taking similar action in the future.

---

[1] Given this conclusion, I need not address whether to accept additional documents and pleadings submitted by petitioner into the record. The arguments contained in these pleadings do not affect my conclusion that the instant matter is moot.

2

In light of the above disposition, I need not address the parties' remaining contentions.

THE APPEAL IS DISMISSED.



IN WITNESS WHEREOF, I, Betty A. Rosa, Commissioner of Education of the State of New York, for and on behalf of the State Education Department, do hereunto set my hand and affix the seal of the State Education Department, at the City of Albany, this 21st day of June 2021.

Commissioner of Education

3