UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUNEAU WANG,

                    Plaintiff,

        v.                                  1:21-CV-1023
                                             (LEK/DJS)

BETHLEHEM CENTRAL SCHOOL DISTRICT,
*et al.*,

                    Defendants.
_____

**APPEARANCES:**                            **OF COUNSEL:**

SWEENEY LEV LLC                    GERALD B. SWEENEY, ESQ.
Attorneys for Plaintiff
460 Bloomfield Avenue – Suite 200
Montclair, New Jersey 07042

WHITEMAN, OSTERMAN LAW FIRM    GABRIELLA LEVINE, ESQ.
Attorneys for Defendants                MONICA ROSE LENAHAN, ESQ.
One Commerce Plaza
Suite 1900
Albany, New York 12210

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

Presently before the Court is the Motion of Plaintiff's counsel for the Court to amend the previously issued Uniform Pretrial Scheduling Order ("UPSO") to provide further time for the filing of another motion to amend the Amended Complaint. Dkt No. 50; *see also* Dkt. No. 54.[1] For the reasons that follow, that Motion is denied.

---

[1] Plaintiff originally filed this Motion as Dkt. No. 49, but several days later filed a corrected replacement Letter-Motion, Dkt. No. 50.

- 1 -

This case was originally filed on September 16, 2021, almost 2 ½ years ago. Dkt. No. 1. The Defendants appeared by counsel on October 12, 2021. Dkt. No. 5. This Court was assigned to the case at the inception of the proceedings. However, because of substantial pre-answer motions and pre-discovery activities, the Court did not hold its initial Discovery and Scheduling Conference until February 2, 2024, well beyond the time period initially set. *See* Dkt No. 3, General Order 25, (Setting the Rule 16 Conference for December 16, 2021.).

In considering the present Motion, the protracted history of the case is important. After the initial Complaint was filed, the Plaintiff filed an Amended Complaint as of right. Dkt. No. 4. Defendants in turn submitted a Motion to Dismiss on December 29, 2021, which was granted in part and denied in part on August 8, 2022. Dkt. No. 19. As part of that decision the District Court dismissed various state law claims based upon the failure to plead compliance with New York State's notice of claim requirements. *Id.* at pp. 24-32. Shortly thereafter, Plaintiff filed a Motion for leave to serve a second amended complaint to correct the notice of claim issues. Dkt. No. 26. On August 8, 2022, this Court denied the Motion based upon futility and other grounds. Dkt. No. 34. Plaintiff appealed, and Judge Kahn upheld the decision and denied the appeal. Dkt. No. 40. Finally, after the Rule 16 conference was completed, and the UPSO was issued, Plaintiff filed an additional letter brief to Judge Kahn asking him to reconsider his January 12, 2024, appeal decision upholding the denial of the Motion to Amend. Dkt. No. 47. That Letter-Motion was denied as untimely. Dkt. No. 48.

It is against this background that the Rule 16 initial conference was held on February 5, 2024. Pursuant to the local rules of the Northern District of New York, magistrate judges are assigned at the beginning of the case to manage discovery, hold conferences, and issue scheduling orders which, as noted below, can limit the time to amend pleadings. L.R. 3.1 & 72.2. Rule 16 is the principal source of this Court's authority to achieve the fundamental purpose stated in Rule 1; securing "the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1 & 16. To accomplish this, Rule 16(a) authorizes a wide range of case management tools, including the following:

> (1) expediting the disposition of the case;
> (2) establishing early and continuing controls of the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities;
> (4) improving the quality of the trial through more thorough preparation; and
> (5) facilitating settlement.

At the pretrial conference contemplated by Rule 16, the Court may consider amending the pleadings *if* necessary or desirable. Rule 16(c)(2)(B) (emphasis added). At the end of the conference, the court issues an order that controls discovery in the case and as part of the Order, the Court must limit the time to join other parties or amend the pleadings. FED. R. CIV. P. 16(a)(3)(A). This is done to "offer a measure of certainty in pretrial proceedings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The importance of the UPSO to a district court's effective control and management of a case cannot be overstated. *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. 2003).

At the February 2, 2024, Rule 16 conference, after receiving counsels' input and reviewing the lengthy course of proceedings to date, the Court issued a scheduling order that set the close of discovery for August 12, 2024, but did not extend the time to submit a further motion to amend the pleadings or to add parties. While the parties had jointly proposed a period in the future to amend or to add parties, the Court's view was that further time to submit additional motions to amend on issues that had already been briefed and decided, was neither desirable nor necessary. This was especially the case on a matter that was not overly complicated, where the underlying issue of being prevented from giving a high school graduation speech had occurred in the spring of 2020, and where years have already passed as a result of pretrial motions. Accordingly, the Court held that the period to amend was closed.

Plaintiff has now filed the present Letter-Motion with this Court seeking to alter the UPSO. Federal Rule of Civil Procedure 16(b)(4) provides that a court-ordered schedule "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007).

The Court finds that the Plaintiff has not established good cause to justify the amendment of the UPSO. In particular, the Plaintiff has had multiple chances to amend the Complaint on the precise notice of claim issue which he wishes to raise once again. The Court has already ruled against him, and that ruling was affirmed by the District Court. Plaintiff's Motion to have the District Court reconsider his ruling were also unsuccessful. The present Motion, therefore, is in essence an attempt to have this Court overturn the previous decisions of Judge Kahn. While Plaintiff points to new evidence

and makes additional arguments, Dkt. Nos. 50 & 54, there is no showing that these issues could not have been raised in the previous Motions on the same issue, especially in light of the fact that the "corrected affidavit of service" was prepared by the Plaintiff's father, Dr. Xiaoyu Wang. "A finding of good cause depends on the diligence of the moving party." *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). No explanation has been offered as to why this "evidence" could have not been presented to the Court sooner, especially given Plaintiff's multiple attempts to amend the Complaint. Accordingly, and for the further reasons set forth in Defendants' Letter in Opposition, Dkt. No. 51, the Court denies the Letter-Motion to amend the Scheduling Order.

    **ACCORDINGLY**, it is hereby

    **ORDERED**, that Plaintiff's Motion to Amend the Uniform Pretrial Scheduling Order (Dkt. No. 50) is **DENIED**; and it is further

    **ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

    **SO ORDERED**.

Dated:   March 15, 2024
          Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge